# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSHUA ROBINSON (#R-60244) ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 6846 |
| v. ) | |
| ) | Hon. George W. Lindberg |
| SHERIFF THOMAS DART, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joshua Robinson ("Robinson" or "plaintiff"), currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Robinson claims that the defendants, health care providers at the Cook County Jail, violated his constitutional rights by acting with deliberate indifference to his serious medical needs. Specifically, Robinson alleges that he received inadequate care for a boil or fistula. This matter is before the Court on the defendants' joint motion to dismiss the amended complaint for failure to state a claim. For the reasons set forth below, the motion is denied.

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Fact pleading is not necessary to state a claim for relief. *Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it

rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Thompson*, 362 F.3d at 971. While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 127 S.Ct. at 1964 -65 (citations omitted).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court takes the allegations in the complaint as true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp.,* 127 S.Ct. at 1955 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1 (2002)). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Norfleet v. Vale*, No. 05 C 0926, 2005 WL 3299375, at *1 (N.D. Ill. Dec. 5, 2005) (Zagel, J.). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 127 S.Ct. at 1965. Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.*, 127 S.Ct. at 1973-74 & n.14. Furthermore, a plaintiff can plead himself out of court

by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996) (citations omitted).

## **FACTS**

Robinson, currently a state prisoner, was an inmate at the Cook County Jail at all times relevant to this lawsuit. Defendant Dunlap is a staff physician at the jail. Defendants Wiley, Price, Jefferson, and Jones are nurses at the jail. [Dr. "John Doe" has not been identified or served to date; all other defendants were previously dismissed from this case.]

Robinson alleges the following facts, which must be accepted as true for purposes of the motion to dismiss. Beginning in October 2007, plaintiff complained to the defendant nurses that he had a very painful boil on one of his buttocks. Plaintiff informed the nurses that it bled and discharged pus daily, that the pain was "excruciating," and that it emitted a foul smell. The nurses looked at the boil and told Robinson that there was "nothing wrong," despite the fact that he was in great pain, and the boil impaired his ability to sleep, sit, and even walk.

After about three months of enduring "endless pain, bleeding, and pus," plaintiff was finally scheduled to see a doctor in January 2008. Dr. "John Doe" examined the boil and, like the nurses, told plaintiff that there was nothing wrong. He sent Robinson away without prescribing any medication.

Over the next month, the condition worsened and plaintiff continued to complain to the defendant nurses. In February 2008, plaintiff saw defendant Dunlap. Dunlap, too, said that there was nothing wrong even though the boil was still oozing pus and blood and a nauseous smell emanated from the wound. Dunlap refused to provide any pain medication or treatment for the boil.

On March 9, 2008, plaintiff filed a grievance concerning his medical care. Four days later, Dr. Patel (not a defendant) examined him and diagnosed the problem as an infected fistula. *Dorland's Medical Dictionary* defines a fistula as "a narrow passage or duct formed by disease or injury, as one leading from an abscess to a free surface, or from one cavity to another." Dr. Patel prescribed the antibiotic Clindamycin for the infection and Motrin for pain. At a follow-up visit on March 26, 2008, Dr. Patel noted that the prescribed medications were not working, and prescribed a stronger antibiotic and stronger pain medication.

On March 31, 2008, Patel referred Robinson to an outside specialist so that he could receive more aggressive and effective treatment. The specialist scheduled plaintiff for surgery to remove the infected fistula. The surgery was performed on April 25, 2008. Following surgery, plaintiff was directed to take Tylenol #3 for pain, to take sitz baths at least three times a day and after bowel movements, and to change his bandages regularly.

Robinson's stitches broke the first day after surgery. He told the nurses, who allegedly did nothing. On April 28, 2008, he saw Patel for a post-operational visit. Patel told plaintiff that the surgical wound was not healing properly due to the broken stitches, but it was too late

for her to do anything because the nursing staff failed to timely notify her about the broken stitches. Patel prescribed plaintiff several more medications.

On May 1, 2008, doctors at Stroger Hospital similarly observed that the wound was not healing properly. They prescribed continued treatment, including sitz baths, dressing changes, and Metamucil. Plaintiff requested gauze from Nurse Price on multiple occasions, but she allegedly refused to supply him with gauze, saying that he did not need it. Robinson claims that Price denied him gauze even when he showed her his prescriptions.

Robinson continued to see Patel and doctors at Stroger Hospital over the ensuing months, but the wound never healed properly. Plaintiff maintains that he is still experiencing problems relating to the fistula. He asserts that as recently as March 30, 2009, the date he certified and signed his amended complaint, the wound was still bleeding.

## DISCUSSION

Accepting plaintiff's factual allegations as true, the Court finds that the amended complaint states an actionable claim against the defendants. Plaintiff has articulated a prima facie case of deliberate indifference to a serious medical need.

At this stage of the proceedings, the Court adopts plaintiff's characterization of himself as a pretrial detainee during the time period relevant to this case. Although the defendants have submitted proof of plaintiff's conviction on a certain charge in January 2007, Robinson clarifies that he was sentenced to time served on that charge and that he remained at the Cook County Jail as a pretrial detainee pending disposition of an additional criminal charge. In any

event, regardless of whether Robinson is viewed as a pretrial detainee or convicted felon, the same, basic standard of deliberate indifference applies to claims brought under the Eighth and Fourteenth Amendments. *See, e.g., Grieveson v. Anderson*, 538 F.3d 763, 771-72 (7th Cir. 2007).

It is well-settled that the Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Grieveson*, 538 F.3d at 775; *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001). Deliberate indifference has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the health care provider must be subjectively aware of and consciously disregard the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976); *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000).

The court will assume for purposes of this motion that plaintiff's need for treatment of the boil amounted to a "serious" medical need. A medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention" may constitute a serious medical need. *Edwards v. Snyder*, 478 F.3d 827, 830 -831 (7th Cir. 2007) (*quoting Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A condition is also objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008), *citing Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). In the case at bar, plaintiff describes an "excruciatingly" painful wound that bled and

discharged pus and that emitted a foul smell. A rotting, infected wound poses obvious, grave health risks. *Compare Champion v. Godinez*, No. 07 C 6070, 2009 WL 1940775, *4 (N.D. Ill. Jul. 6, 2009) (Pallmeyer, J.). Because plaintiff describes an arguably serious medical problem, the objective component is satisfied.

Robinson has also sufficiently pleaded the subjective component. To satisfy the subjective prong of deliberate indifference, plaintiff must allege that the defendants in question were aware of and consciously disregarded his medical need. *Farmer*, 511 U.S. at 837; *Estelle*, 429 U.S. at 103-04; *Sherrod*, 223 F.3d at 610. Here, plaintiff alleges that the defendants--despite observing that he had a highly painful, festering wound--ignored his repeated requests for treatment for several months, thereby subjecting him to pain and exposing him to serious harm. *See, e.g., Williams v. Liefer*, 491 F.3d 710, 716 (7th Cir. 2007) (a jury could have concluded that a delay in medical treatment unnecessarily prolonged the plaintiff's pain and may have exacerbated his medical condition); *see also Gil v. Reed*, 381 F.3d 649, 662 (7th Cir. 2004) (recognizing that "hours of needless suffering" can constitute compensable harm).

In their motion to dismiss, the defendants focus on plaintiff's allegation that multiple health care providers told him that "nothing was wrong." The fact that several caregivers seemed to note no real problem may suggest that the plaintiff has exaggerated his symptoms. But as noted *supra*, the Court must accept plaintiff's well-pled allegations as true for purposes of this motion. If the defendants either delayed needed treatment of a painful, infected fistula

for several months, or denied appropriate post-operative care once surgery was finally performed, they may be liable for Robinson's pain and suffering. The subjective element of deliberate indifference encompasses conduct such as the refusal to treat a prisoner's chronic pain, *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999), the refusal to provide pain medication prescribed by a doctor, *Ralston v. McGovern*, 167 F.3d 1160, 1162 (7th Cir. 1999), or erroneous treatment based on a substantial departure from accepted medical judgment, practice, or standards. *Sherrod*, 223 F.3d at 611; *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).

In sum, the amended complaint survives scrutiny under Fed. R. Civ. P. 12(b)(6). It must be emphasized that mere medical malpractice does not amount to deliberate indifference. *Estelle*, 429 U.S. at 106; *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). However, plaintiff's allegations are sufficient to state a claim against the defendants for deliberate indifference. Accordingly, plaintiff's "motion to deny" is granted and the defendants' motion to dismiss is denied. This order is not intended to discourage either party from filing a properly supported motion for summary judgment. The parties are ordered to explore whether this case may be an appropriate candidate for the court's Settlement Assistance Program for Pro Se Litigants.

## CONCLUSION

For the foregoing reasons, plaintiff's motion "to deny" the defendants' motion to dismiss [#51] is granted. The defendants' motion to dismiss [#35] is denied. The defendants are directed to answer or otherwise plead within twenty-one days of the date of this order. Status hearing set for December 16, 2009 at 10:00 a.m. It is so ordered.

Enter: *George W. Lindberg*

GEORGE W. LINDBERG
Senior United States District Judge

Date: November 17, 2009